23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 WESTFIELD INSURANCE COMPANY, Plaintiff-Appellant,
v.
Robert Bruce KEEDY; Kathleen L. Keedy; Individually, and
as parents and next friend of, Alyssa R. Keedy,
infant child, Defendants-Appellees.
 No. 93-2077.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1994.
Decided May 5, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CA-92-63-W)
 Catherine Dabney Munster, McNeer, Highland & McMunn (James A. Varner, Harold M. Sklar, McNeer, Highland & McMunn, on brief), Clarksburg, W Va, for appellant.
 Jay Thornton McCamic, McCamic & McCamic, Wheeling, W VA, for appellees.
 N.D.W.Va.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before WIDENER and WILKINSON, Circuit Judges, and BRINKEMA, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The question in this case is whether an uninsured motorist provision of an automobile insurance policy covers an accident in which the insured vehicle struck a refrigerator that had been dropped from an uninsured truck. We hold that the accident arose "out of the use of the uninsured motor vehicle" as required by the policy provision, and we therefore affirm the district court's grant of summary judgment to the insured.
 
 I.
 
 2
 This case arises out of an insurance coverage dispute between plaintiff Westfield Insurance Company, an Ohio corporation, and defendants Robert and Kathleen Keedy of West Virginia, individually and as parents of Alyssa Keedy. In May 1989, Westfield issued an automobile insurance policy to the Keedy family. The policy contained an uninsured motorist clause which states:
 
 
 3
 We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:
 
 
 4
 1. Bodily injury sustained by an insured; and caused by an accident; and 2. Property damage caused by an accident.
 
 
 5
 The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.
 
 
 6
 On the evening of May 14, 1990, the Keedys were driving on a highway in Ohio when their car struck a refrigerator that had fallen out of a pickup truck earlier in the evening. When the refrigerator fell from the truck, the owner of the refrigerator, Michelle Conaway, attempted to remove the refrigerator from the road. After ten to fifteen minutes, Conaway realized that she could not remove the refrigerator and departed the scene to discuss the matter with her friends. Shortly after Conaway left the refrigerator lying on the road, the Keedys' car collided with it. When Conaway and her friends returned to the scene, they were identified as the parties responsible for leaving the refrigerator on the highway.
 
 
 7
 After the accident, the Keedys learned that neither the driver of the pickup truck nor the truck itself was insured at the time of the accident. The Keedys therefore filed a claim under the uninsured motorist provision of their Westfield policy. Westfield denied the Keedys' claim for uninsured motorist coverage. The company did, however, pay for the damage to the Keedys' automobile and cover physician and hospital costs arising out of the accident.
 
 
 8
 In March 1992, Westfield filed suit in West Virginia federal court seeking a declaratory judgment that the uninsured motorist provision of its automobile insurance policy did not apply to the Keedys' accident. In November 1992, Westfield filed a motion for summary judgment on the ground that the collision with the refrigerator did not "arise out of the ownership, maintenance or use of the uninsured motor vehicle," as required by the insurance policy. In making this argument, Westfield emphasized that the refrigerator lacked any causal connection to the uninsured motor vehicle--i.e. the pickup truck--because it had fallen off the truck and come to rest on the highway long before the accident occurred.
 
 
 9
 The district court denied Westfield's motion for summary judgment and entered judgment as a matter of law in favor of the Keedys.
 
 
 10
 The court first found that "transport[ation] of large objects such as a refrigerator" constituted a proper use of the pick-up truck; therefore, an incident where a refrigerator fell from a truck onto the road did arise out of the use of an uninsured motor vehicle. The court then ruled that the temporal and physical distance between the pickup truck and the refrigerator at the time of the Keedy accident did not disrupt the causal connection between the truck and the accident. According to the court, the fact that Conaway spent nearly fifteen minutes trying to remove the refrigerator from the road, discussed the matter with friends, and then returned to the scene of the accident, established a continuous causal chain "from the time the refrigerator fell off the pick-up truck until it was struck by the Keedy automobile." The court concluded that the accident had arisen out of the use of an uninsured motor vehicle, as required by the insurance policy, and therefore held that Westfield has a duty to provide uninsured motorist coverage to the Keedys and to defend them in court proceedings. Westfield now appeals.
 
 II.
 
 11
 Westfield first contends that the district court erred in ruling that it must provide coverage under the uninsured motorist provision for the refrigerator collision accident. Having examined the record in this case, we find no error in the district court's reasoning. We therefore affirm the district court's judgment regarding Westfield's duty to provide insurance coverage for the reasons expressed in the district court's opinion.
 
 
 12
 However, we vacate that portion of the district court's order regarding Westfield's duty to defend and remand with directions that Westfield's claim be dismissed without prejudice. The record in this case--including the district court's decision and the briefs before this court--are devoid of any meaningful discussion on this latter issue.
 
 III.
 
 13
 For the foregoing reasons, the judgment of the district court is
 
 
 14
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.